UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GRANJA PLANALTO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 07-142-P-H |
| ) | |
| OHIO CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant ) | |

### RECOMMENDED DECISION ON DEFENDANT'S MOTION TO STAY[1]

The defendant, Ohio Casualty Insurance Company, moves to stay this reach-and-apply action pending resolution of its recently-filed declaratory judgment action against the plaintiff, bearing civil docket number 08-405-P-H.  The defendant contends that this approach will serve the interests of judicial economy because, if it is successful in its declaratory judgment action, the instant action will be moot, and, if it is not, the delay in the instant action will be slight. Defendant Ohio Casualty's Motion for Stay ("Motion") (Docket No. 89) at 1.  It even suggests that it will not need further discovery in order to resolve its newly-filed action.  *Id*. at 4.[2]

---

[1] The cases are divided on whether a magistrate judge has jurisdiction to decide a motion to stay an entire case. *Compare Reynaga v. Cammisa*, 971 F.2d 414, 416-17 (9th Cir. 1992) (magistrate judge may not enter order to stay case), *with Pass & Seymour, Inc. v. Hubbell Inc.*, 532 F.Supp.2d 418, 426 n.7 (N.D.N.Y. 2007) (magistrate judge's non-consensual jurisdiction includes motions to stay proceedings).  Out of caution, I have fashioned this opinion as a recommended decision.

[2] This suggestion is at odds with the defendant's assertion in a footnote that it "will be seeking [discovery] in the Declaratory Judgment Action includ[ing] the complete production of the Thompson & Bowie file[.]"  Motion at 6 n.3.  Since that very issue has been decided by me today in the instant action, there will presumably be no need to revisit it in the declaratory judgment action.  Any requests for discovery in the new action will be evaluated closely by the court and will need to be well-justified.

1

The plaintiff responds, Objection to Motion for Stay ("Objection") (Docket No. 90) at 1, that the motion to stay should not be heard before its motion to dismiss the new action, which was filed on December 31, 2008. *Ohio Casualty Insurance Company v. Granja Planalto*, Civil No. 08-405-P-H, Docket No. 8. That motion has now been fully briefed and is under consideration by the court. If it is denied, the declaratory judgment action will not be resolved.

The plaintiff takes issue with the defendant's assertion that it only learned in October 2008 of the grounds for its declaratory judgment action, Objection at 2-6, but that matter is not relevant to the motion for a stay. The plaintiff asserts that the burden was on the defendant to seek information about the status of the underlying case in which the defendant had issued a reservation of rights as an umbrella insurer; the defendant obviously disagrees. That is the stuff of which declaratory judgment actions are made.

Under similar circumstances in *Good v. Altria Group, Inc.*, 231 F.R.D. 446 (D. Me. 2005), Judge Woodcock of this court granted a stay when it was clear that a pending motion for summary judgment could be dispositive. *Id*. at 447. That situation obtains here as well, but my experience with the parties' discovery disputes in the instant action gives me some pause when faced with assurances by the defendant that its declaratory judgment action will proceed swiftly.

Indeed, the defendant has now filed an unopposed motion to extend by five weeks the deadline for its disclosure of expert witnesses and all subsequent deadlines, asserting that it needs to obtain translations of 15,000 pages of documents provided to it by the plaintiff that are in the original Portuguese. Consented-To Motion to Amend Scheduling Order Deadlines (Docket No. 97). While I am disinclined to believe that all of these documents are relevant to the limited substantive question before the court in this action – the reasonableness of the damages obtained by Granja Planalto in the underlying action – I intend to discuss this matter further with

counsel before ruling, should ruling be necessary. I mention it here only to illustrate the delays that have begun to plague this case. If my recommendation that the motion for a stay be granted is adopted by the court, the motion to extend these deadlines will be moot.

Accordingly, I recommend that the motion to stay be granted, but only on the following conditions: 1) if the pending motion to dismiss in the declaratory judgment action (Civil No. 08-405-P-H) is granted, counsel will contact the court to arrange a date for a conference with me for the purpose of establishing relevant deadlines in this case; or 2) if the pending motion to dismiss is denied, the defendant shall file a motion for summary judgment in the declaratory judgment action by a date certain soon thereafter. In that way, any significant delay in this action that will result from the stay will be minimized. The stay would of course be lifted if the motion for summary judgment were denied or judgment were granted for Granja Planalto in the declaratory judgment case. This process would best serve the interests of judicial economy with little or no prejudice to the interests of Granja Planalto.

For the foregoing reasons, I recommend that the motion to stay be **GRANTED**, but only on the conditions specified.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 26th day of February, 2009.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge